IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

CHRISTOPHER F.,[1]

        Plaintiff,

v.

COMMISSIONER, SOCIAL
SECURITY ADMINISTRATION,

        Defendant.

No. 6:20-cv-1972-MO

OPINION & ORDER

MOSMAN, District Judge:

    This matter comes before me on Plaintiff Christopher F.'s Complaint [ECF 1] against Defendant Commissioner of the Social Security Administration. For the reasons given below, I REVERSE the Commissioner's decision and REMAND this case for further proceedings.

---

[1] In the interest of privacy, this opinion uses only the first name and the initial of the last name of the nongovernmental party in this case.

1 – OPINION & ORDER

## PROCEDURAL BACKGROUND

On December 20, 2018, Plaintiff applied for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act, alleging disability beginning October 1, 2014. Tr. 150. The Social Security Administration ("SSA") denied his claim initially and upon reconsideration. Tr. 88, 96. Plaintiff appeared and testified at a hearing held on May 7, 2020, before Administrative Law Judge (ALJ) Robert Frank Spaulding. Tr. 25-50. On May 28, 2020, the ALJ issued a decision finding that Plaintiff had not been under a disability since December 20, 2018, the date the application was filed. Tr. 10-24. Plaintiff filed an appeal, and the Appeals Council denied review. Tr. 1-6.

## THE ALJ'S FINDINGS

At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity (SGA) since December 20, 2018, the application date. Tr. 15. At step two, the ALJ determined that Plaintiff had the following severe impairments: left rotator cuff tendinitis, and generalized anxiety disorder. Tr. 15. At step three, the ALJ found no impairment that met or equaled the severity of any impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. Tr. 16. The ALJ assessed Plaintiff's residual functional capacity ("RFC") to:

> perform a range of light work as defined in 20 CFR 416.967(b) except he is limited to occasional climbing of ladders, ropes, and scaffolds. He can occasionally stoop and frequently crawl. He can occasionally (not frequently) reach with the non-dominant left upper extremity. He can understand, remember, and carry out simple, routine, repetitive tasks with short instructions consistent with a reasoning level of 2 and unskilled work as defined by the Dictionary of Occupational Titles (DOT). He can tolerate occasional interaction with coworkers (defined as brief and casual not requiring coordinated or teamwork). He can tolerate cursory interaction with the public (defined as casual or perfunctory).

Tr. 17.

2 – OPINION & ORDER

At step four, the ALJ determined that Plaintiff had no past relevant work. Tr. 19. Alternatively, at step five, the ALJ determined that there are jobs that exist in significant numbers in the national economy that the claimant can perform such groover-and-striper operator, blending-tank tender helper, and sandwich-board carrier. Tr. 20. The ALJ therefore found Plaintiff not disabled. Tr. 20.

## LEGAL STANDARD

Courts must uphold the ALJ's decision if it "was supported by substantial evidence and based on proper legal standards." *Lewis v. Astrue*, 498 F.3d 909, 911 (9th Cir. 2007). Substantial evidence is "more than a mere scintilla," and means only "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1150 (2019) (internal quotation marks omitted). When "evidence is susceptible of more than one rational interpretation ... the ALJ's conclusion ... must be upheld." *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005). Errors in the ALJ's decision do not warrant reversal if they are harmless. *Stout v. Comm'r Soc. Sec. Admin.*, 454 F.3d 1050, 1054 (9th Cir. 2006).

## DISCUSSION

Plaintiff raises just one issue with the ALJ's decision. Plaintiff argues the ALJ erred by improperly accepting step five testimony unsupported by substantial evidence.

**I.     Step Five**

At step five of the sequential evaluation analysis, the burden shifts to the Commissioner to establish that (1) the claimant can perform other work despite her identified limitations, and that (2) such work "exists in significant numbers in the national economy." 20 C.F.R. § 416.960(c)(2); *Zavalin v. Colvin*, 778 F.3d 842, 845 (9th Circ. 2015). In determining if other suitable work exists that the claimant may be able to perform, the ALJ may rely on the

Dictionary of Occupational Titles (DOT) or testimony from vocational experts (VEs) who testify about specific occupations that a claimant can perform in light of their RFC. *See Zavalin*, 778 F.3d at 845–46. While the Ninth Circuit has not established a minimum or bright-line number of jobs that constitutes a "significant" number, it held in *Gutierrez v. Commissioner of Social Security*, 740 F.3d 519, 528–29 (9th Cir. 2014) that 25,000 jobs in the national economy, while a close call, amounts to a significant number of jobs. The ALJ's step-five finding, like all findings under review by the district court, must be supported by substantial evidence in the overall record to be affirmed. *See Bayliss v. Barnhart,* 427 F.3d 1211, 1214, n.1 (9th Cir. 2005) (*citing Tidwell v. Apfel,* 161 F.3d 599, 601 (9th Cir. 1999)).

When represented by counsel, a claimant must challenge the vocational expert's numbers "at some point during administrative proceedings to preserve the challenge on appeal in federal district court." *Shaibi v. Berryhill*, 883 F.3d 1102, 1109 (9th Cir. 2017). A claimant need not "cross-examine a VE with specific alternative job calculation[s]…." *Id.* at 1110. If the ALJ declines to keep the record open to allow a claimant to submit supplemental evidence about the VE's job estimates, a claimant may raise that evidence for the first time before the Appeals Council, provided that the evidence is both relevant and "relates to the period on or before the ALJ's decision." *Id.* A court must consider "whether there is support for a claimant's counsel's approach in generating job-number estimates in determining whether new evidence is significant and probative." *White v. Kijakazi,* 44 F.4th 828, 836 (9th Cir. 2022) (cleaned up). When a plaintiff tenders vastly different job numbers from the same source as the VE, remand for the ALJ to address the inconsistency is warranted. *Buck v. Berryhill*, 869 F.3d 1040, 1052 (9th Cir. 2017).

Plaintiff argues the ALJ erred at step five by accepting VE testimony about the availability of jobs in the national economy that was not supported by substantial evidence. Pl. Br., ECF No. 15 at 12-13. At the hearing, the VE testified that Plaintiff would be able to perform the occupations of groover-and-striper operator with 20,000 jobs nationally, blending-tank tender helper with 8,000 jobs nationally, and sandwich-board carrier with 5,000 jobs nationally. Tr. 46-47. Plaintiff's counsel asked about the source of the VE's job numbers at the hearing. Tr. 48. The VE testified that his numbers came from Job Browser Pro, which derives its numbers from the Bureau of Labor Statistics. Tr. 48. After the decision, Plaintiff's representative submitted rebuttal evidence to the Appeals Council regarding these numbers. Tr. 264-271. The Appeals Council accepted this evidence as part of the administrative record. Tr. 4. The Court must consider evidence that the Appeals Council makes part of the administrative record. *See Brewes v. Commissioner of Social Sec. Admin.*, 682 F.3d 1157, 1163 (9th Cir. 2012) (citation omitted) ("[W]e hold that when the Appeals Council considers new evidence in deciding whether to review a decision of the ALJ, that evidence becomes part of the administrative record, which the district court must consider when reviewing the Commissioner's final decision for substantial evidence.").

Plaintiff's exhibits reflected Job Browser Pro data--the same data cited by the VE-- suggesting that the VE estimated more jobs in each of the three occupations than actually existed. For the position of Sandwich-Board Carrier, for example, (DOT 299.687-014), Plaintiff's exhibit showed 2,428 positions, as opposed to the 5,000 suggested by the VE. *Compare* Tr. 266-267 *with* Tr. 47. For the Blending-Tank Tender Helper position, (DOT 520.687-066), Plaintiff's exhibit reflected 585 positions nationally, instead of the 8,000 available per the VE. *Compare* Tr. 268-269 *with* Tr. 47. Finally, for the position of Groover-and-Striper

Operator, (DOT 669.685-102), Plaintiff introduced evidence that there were 951 positions nationally, far less than the 20,000 available jobs suggested by the VE. *Compare* Tr. 270-271 *with* Tr. 46. In sum, accepting Plaintiff's evidence as true, there would be only 3,964 jobs in the national economy that Plaintiff could perform. *See* Tr. 266-71. Defendant does not contest that this evidence was significant and probative, as Plaintiff's counsel generated it using the same software and DOT codes as the VE. *See White,* 44 F.4th at 837 (upholding attorney's methodology as "significant and probative" when the attorney "us[ed] [the same database] and the same DOT codes the VE had used"); *see also* Def Br. at 2-6 (neglecting to dispute the significance or probative value of the evidence Plaintiff presented to the Appeals Council).[2] Defendant's only argument that this case should not be remanded for the ALJ to consider Plaintiff's conflicting job availability data is that Plaintiff waived the argument by failing to raise it before the ALJ, instead waiting to submit the information to the Appeals Council.

Plaintiff preserved his argument by questioning the VE during the hearing and then submitting supplemental evidence to the Appeals Council that challenged the accuracy of the VE's job numbers. A disability claimant has the right to submit evidence to the Appeals Council that was not submitted to the ALJ, provided there is "good cause" for not having submitted the evidence earlier. 20 C.F.R. § 404.970(b). The Ninth Circuit has held that where an Appeals Council "considers" a claimant's evidence and makes his additional evidence "part of the record," it "indicat[es] that [claimant] had shown "good cause" under § 404.970(b) in not having

---

[2] If the Appeals Council had credited Plaintiff's estimates that there were only 3,964 jobs (counting all three) in the national economy that he could perform, there is a reasonable probability that the outcome of his proceeding may have been different. *See Gutierrez v. Comm'r of Soc. Sec.*, 740 F.3d 519, 528–29 (9th Cir. 2014) (holding that 25,000 jobs nationally is a significant number, but noting that it was a "close call"); *see also Beltran v. Astrue*, 700 F.3d 386, 390 (9th Cir. 2012) (holding that 1,680 jobs nationally was not significant).

6 – OPINION & ORDER

introduced it in the hearing before the ALJ." *White,* 44 F.4th at 836-37. Indeed, the Ninth Circuit has recognized that "a claimant will rarely, if ever, be in a position to anticipate the particular occupations a VE might list and the corresponding job numbers to which a VE might testify at a hearing." *Shaibi*, 883 F.3d at 1110; *see also White*, 44 F.4th at 837 ("We recognize that the claimant in *Buck* submitted his estimated job numbers to the ALJ, and that [this claimant] submitted his estimated job numbers to the Appeals Council. This distinction is not fatal."). Following the Ninth Circuit's rule from *White,* it was appropriate for Plaintiff to submit his evidence challenging the VE's job availability numbers for the first time to the Appeals Council.

Defendant does not acknowledge the Ninth Circuit's holding in *White*, but instead argues that Plaintiff forfeited the issue because he did not ask the ALJ for the opportunity to submit supplemental briefing with evidence contradicting the VE after the hearing. Def. Br., ECF No. 14 at 4-7 (citing *Shapiro v. Saul*, 833 F. App'x 695, 696 (9th Cir. 2021)). In *Shapiro*, however, counsel for the claimant did not seed the ground by questioning the VE about job availability data during the hearing as Plaintiff's counsel here did. 833 F. App'x at 696. *Shapiro* is also unpublished, and predates the Ninth Circuit's published decision in *White*, which established that seeking leave to file a supplemental brief with the ALJ is not always required. Here, as in *White*, the Appeals Council "received additional evidence which it is making part of the record,"-- meaning Plaintiff had good cause for submitting the evidence late--and Plaintiff's evidence was significant and probative. Tr. 5; *White*, 44 F.4th at 837. Plaintiff therefore preserved his challenge to the VE's job availability numbers and established good cause to submit new evidence on appeal. Defendant's citation to pre-*White*, unpersuasive, and unpublished Ninth Circuit case law to the contrary is unavailing.

**II.    Remand**

Within the Court's discretion under 42 U.S.C. § 405(g) is the "decision whether to remand for further proceedings or for an award of benefits." *Holohan v. Massanari, 246 F.3d 1195, 1210 (9th Cir. 2001)* (citation omitted). Although a court should generally remand to the agency for additional investigation or explanation, a court has discretion to remand for immediate payment of benefits. *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1099-100 (9th Cir. 2014). The issue turns on the utility of further proceedings. A court may not award benefits punitively and must conduct a "credit-as-true" analysis on evidence that has been improperly rejected by the ALJ to determine if a claimant is disabled under the Social Security Act. *Strauss v. Comm'r of the Soc. Sec. Admin.*, 635 F.3d 1135, 1138 (9th Cir. 2011).

In the Ninth Circuit, the "credit-as-true" doctrine is "settled" and binding on this Court. *Garrison v. Colvin*, 759 F.3d 995, 999 (9th Cir. 2014). The court first determines whether the ALJ made a legal error and then reviews the record as a whole to determine whether the record is fully developed, the record is free from conflicts and ambiguities, and there is any useful purpose in further proceedings. *Dominguez v. Colvin*, 808 F.3d 403, 407 (9th Cir. 2015). Only if the record has been fully developed and there are no outstanding issues left to be resolved does the district court consider whether the ALJ would be required to find the claimant disabled on remand if the improperly discredited evidence were credited as true. *Id.* If so, the district court can exercise its discretion to remand for an award of benefits. *Id.* The district court retains flexibility, however, and is not required to credit statements as true merely because the ALJ made a legal error. *Id.* at 408.

There remain ambiguities and conflicts in the record. The ALJ needs to take evidence about whether Plaintiff can perform jobs that exist in significant numbers in the national

economy. *See Buck*, 869 F.3d at 1052 (remanding to address the inconsistency between the number of jobs presented by the VE and the plaintiff). Thus, the Court remands for further proceedings so that the ALJ can consider the evidence Plaintiff submitted to the Appeals Council, and solicit further testimony from the VE about the availability of jobs in the national economy, if necessary, and to ascertain how these significant miscalculations made their way into the record.

## CONCLUSION

For the reasons given above, I REVERSE the Commissioner's decision and REMAND this case for further proceedings.

IT IS SO ORDERED.

DATED:  1/31/2024  .


*Michael W. Mosman*
MICHAEL W. MOSMAN
United States District Judge

9 – OPINION & ORDER